1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKIETH LEROY McCOY, | **Case No.  1:16-cv-01333-DAD-JLT (PC)** |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** |
| v. | |
| HOLLAND, et al., | **(Doc. 7)** |
| Defendants. | **14-DAY DEADLINE** |

## I.  FINDINGS

Plaintiff initially filed this action in Kern County Superior Court, (Doc. 1, pp. 8-19), and Defendants removed it to this Court (*Id.*, pp. 1-6).  Plaintiff filed a motion for remand which should be **GRANTED** since federal subject matter jurisdiction is lacking.

### A.  Legal Standards

Section 1441(a) of Title 28 provides that a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  The vast majority of lawsuits "arise under the law that creates the cause of action."  *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (Holmes, J.); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  However,  "a case may [also] arise under federal law 'where the vindication of a right under state

1

1  law *necessarily* turn[s] on some construction of federal law,' " *Merrell Dow*, 478 U.S. at 808

2  (quoting *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, 463 U.S. 1, 9 (1983) (emphasis

3  added)), but "only [if] . . . the plaintiff's right to relief *necessarily* depends on a substantial

4  question of federal law," *Franchise Tax Bd.*, 463 U.S. at 28 (emphases added).

5        For removal to be proper, it must be clear from the face of the complaint that federal

6  subject matter jurisdiction exists.  *Oklahoma Tax Comm'n. v. Graham,* 489 U.S. 838, 840-41

7  (1989) (per curiam).  The presence or absence of federal-question jurisdiction is governed by the

8  well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal

9  question is presented on the face of the plaintiff's properly pleaded complaint.  *Caterpillar, Inc.,*

10  *v. Williams*, 482 U.S. 386, 392 (1987); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th

11  Cir. 2009); *Marin General Hosp. v. Modesto Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir.

12  2009); *Hall*, 476 F.3d at 687.

13        The removal statute is strictly construed against removal and the defendant bears the

14  burden of establishing grounds for removal.  *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S.

15  28, 32 (2002); *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Fossen v.*

16  *Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011); *Hunter*, 582

17  F.3d at 1042 (citations omitted).  Courts must consider whether federal jurisdiction exists, *Rains*

18  *v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996), and must reject federal jurisdiction if

19  there is any doubt as to the right of removal in the first instance, *Duncan v. Stuetzle*, 76 F.3d

20  1480, 1485 (9th Cir. 1996) (quotation marks and citation omitted); *Hunter*, 582 F.3d at 1042

21  (citations omitted).

22       **B.  <u>Discussion</u>**

23        Plaintiff makes two arguments to support his motion to remand: (1) that Defendants

24  removal violated the "rule of unanimity" (Doc. 7, pp. 4-5); and (2) that this Court lacks subject

25  matter jurisdiction since his claims do not arise under federal law (*id.*, p. 5).[1]  Defendants respond

26  that Plaintiff's Complaint "is primarily a constitutional civil rights claim that must remain in

27

---

28  [1] Since federal subject matter jurisdiction is lacking, it is dispositive and the unanimity of defendants need not be addressed.

2

1    Federal Court." (Doc. 8, p. 1.)

2         The pivotal question is whether the Complaint presents a federal question on its face.

3    *Caterpillar,* 482 U.S. at 392; *Hunter*, 582 F.3d at 1042 (citations omitted); *Marin General*

4    *Hosp,*.581 F.3d at 944 ; *Hall*, 476 F.3d at 687 (citation omitted).  State-law causes of action

5    "invoke[ ] federal-question jurisdiction only if [they] necessarily raise a stated federal issue,

6    actually disputed and substantial." *Nevada*, 672 F.3d at 674 (alteration and internal quotation

7    marks omitted).

8         In the Complaint, Plaintiff contends that the "Guard One" welfare checks[2] were

9    negligently implemented at CCI which amount to a breach of duty, harassment, and intentional

10   infliction of emotional distress.  (Doc. 1, pp. 8-19.)  Plaintiff argues that he did not intend his

11   pleading to present any federal questions; that he only pled state law claims and did not plead any

12   claims for relief under 42 U.S.C. §1983; and that he intentionally did not mention the

13   Constitution or any federal constitutional rights in the Complaint.  (Doc. 7, p. 5.)

14        Defendants counter that while Plaintiff's stated causes of action arise under California

15   law, the central focus of the Complaint is "constitutional" and that the Complaint states causes of

16   action for unconstitutional conditions of confinement and retaliation.  (Doc. 8, p.2.)  However,

17   this contention is not supported by a review of Plaintiff's complaint.  *Libhart v. Santa Monica*

18   *Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by

19   the complaint at the time of removal).

20        None of Plaintiff's allegations show that the "Guard One" procedure was implemented in

21   deliberate indifference to a serious risk of harm to Plaintiff as required for a "conditions of

22   confinement" claim as Defendants assert.  *See Labatad v. Corrections Corp. of America*, 714 F.3d

23   1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir.

24   2002).  In fact, Plaintiff alleges that the "Guard One" procedure was implemented to provide for

25   inmates' safety by ensuring prison staff conducted welfare checks to see if suicidal and otherwise

26   emotionally fragile inmates were not in need of "dire medical attention" or had harmed

27

28   [2] The "Guard One" system utilizes a metal mechanism in the center of the cell door that is touched with a wand by correctional staff, triggering a loud "bang" every 30 minutes.  (Doc. 1, pp. 10-12.)

3

1    themselves.   (Doc. 1, pp. 10-11.)

2            Plaintiff's allegations also do not show that the "Guard One" procedure was implemented

3    out of retaliatory animus for Plaintiff's protected conduct to state a retaliation claim as

4    Defendants assert.  *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).  Plaintiff's allegations

5    actually show that the "Guard One" procedure was implemented to advance a legitimate goal of

6    the correctional institution -- ensuring the safety of suicidal and emotionally fragile inmates.

7    Plaintiff states no allegations to show that he had engaged in protected conduct, let alone that

8    either of the Defendants were aware he engaged in any such activities.  Further, Plaintiff alleges

9    that correctional staff *encouraged* Plaintiff and other inmates who complained about the "Guard

10   One" procedure to file inmate grievances as a potential means for effecting change.

11           The only mention of federal law in the Complaint is on the page before the last, under the

12   "Prayer for Relief" where Plaintiff requests an order granting him "a declaration that the acts and

13   omissions described herein violated his rights under both state and federal law."  (Doc. 1, p. 18.)

14   However, requests for declaratory relief do not provide subject matter jurisdiction and are

15   regularly dismissed from §1983 actions because they are subsumed by determinations on claims

16   for damages.   *See Rhodes*, 408 F.3d at 565-66 n.8.

17           Plaintiff could have filed this action under 42 U.S.C. § 1983 and attempted to state

18   cognizable claims for violation of his federal constitutional rights, as well as violations of

19   California law, but he chose not to.  The Complaint delineates five state law claims for relief:

20   negligence, intentional infliction of emotional distress, breach of duty, and harassment.  (Doc. 1,

21   pp. 15-16.)  None of these causes of action are cognizable, or require elements similar to claims

22   which would be cognizable under federal law to "necessarily raise a stated federal issue, actually

23   disputed and substantial."  *Nevada*, 672 F.3d at 674.  Further, Plaintiff exercised his right to rely

24   exclusively on state law by filing suit in state court utilizing the state legal process.  *Caterpillar,*

25   *Inc.*, 482 U.S. at 392.  Thus, this Court lacks subject matter jurisdiction over this action and it

26   should therefore be remanded to the Kern County Superior Court.[3]

27   ───────────────

28   [3] Since subject matter jurisdiction is lacking and so dispositive, unanimity of defendants need not be addressed.

4

1    II.   **RECOMMENDATION**

2         Accordingly, the Court **RECOMMENDS** that Plaintiff's motion to remand the action to

3    state court, filed September 29, 2016 (Doc. 7), be **GRANTED**.

4         These Findings and Recommendations will be submitted to the United States District

5    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **14**

6    **days** after being served with these Findings and Recommendations, the parties may file written

7    objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to

8    Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

9    objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v.*

10   *Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th

11   Cir. 1991)).

12

13   IT IS SO ORDERED.

14      Dated:   **February 9, 2017**                    **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

5